

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-31-2006

# Li v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3732

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Li v. Atty Gen USA" (2006). *2006 Decisions.* Paper 1358.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1358

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 04-3732

———————

XUE ZENG LI,

Petitioner

v.

*Alberto Gonzales, ATTORNEY GENERAL UNITED STATES OF AMERICA,

Respondent

———————

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No.   A78-262-976)

———————

Submitted under Third Circuit LAR 34.1(a)
on September 15, 2005

BEFORE:  ROTH, MCKEE and FISHER, <u>Circuit Judges</u>

(Filed March 31, 2006)

———————

OPINION

———————

———————

   *Attorney General Alboert Gonzales has been substituted for former Attorney
General John Ashcroft, the original respondent in this case, pursuant to Fed. R. App.P.
43(c).

**ROTH**, <u>Circuit Judge</u>:

Xue Zeng Li seeks judicial review of the order of the Board of Immigration Appeals (BIA) denying his application for asylum and for withholding of deportation. We will deny his petition.

## I.      Factual and Procedural History

Li, a citizen of the People's Republic of China, arrived in the United States on or around July 16, 2000, without being admitted or paroled after inspection.  On July 17, 2000, the Immigration and Naturalization Service issued a Notice to Appear charging that Li was inadmissable under the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(6)(A)(i)(I), as an alien present in the United States without being admitted or paroled.  Li appeared before an Immigration Judge on May 10, 2001 in which Li conceded removability, but sought relief from removal by filing applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).[1]

Li testified as to the series of events in China which formed the basis of his application for asylum, withholding of removal, and protection under CAT.  Li testified that he staged a demonstration outside a city government building in order to recover certain employee rights and benefits from his government-run employer.  Ultimately, Li

---

[1] Petitioners brief does not challenge the denial of his claims under the Convention Against Torture and thus we need not address this issue.

was able to speak with city officials to voice his concerns. Li testified that a few days after this meeting, the station chief and security personnel from his company removed Li from his home, detained him for two days and interrogated him. Li testified that during the interrogation his thumb was cuffed to a window and his hands were beaten. Li testified that after the detainment he went to a hospital to receive treatment for a broken finger he suffered in the beating. Upon his return to work, Li received a letter which terminated his job for the stated reason of participating in several demonstrations. Li testified that he only participated in one demonstration and that the government was trumping up the reason for his termination. Li testified that after future demonstrations, in which he did not participate, the government questioned Li as to whether he was responsible for each demonstration and threatened that he would be punished if he participated in or staged any further demonstrations. Li testified that he is now fearful that anytime a demonstration is staged the government will automatically believe he is the one who staged it and will punish him accordingly.

The Immigration Judge (IJ) denied Li's requests for asylum, withholding of removal, and protection under CAT. The IJ determined that Li was not credible because of several inconsistencies in his testimony and therefore failed to establish either past persecution or likelihood of future persecution . The BIA dismissed Li's appeal, finding that he did not meet the burden of proving eligibility for asylum or withholding of removal. Li's petition for review followed.

**II.    Standard of Review and Jurisdiction**

This Court has jurisdiction of Li's appeal pursuant to § 242(a) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1252(a) to review timely filed petitions for review of final orders of the BIAd.

Where, as here, the BIA affirms the IJ's decision without opinion, "we review the IJ's opinion and scrutinize its reasoning." Dia v. Ashcroft, 353 F.3d 228, 245 (3d Cir. 2003). We review the findings of fact and of credibility under the substantial evidence standard, see Gao v. Ashcroft, 299 F.3d 266, 272 (3d Cir. 2002). The decision must be affirmed "unless the evidence not only supports a contrary conclusion, but compels it." Zubeda v. Ashcroft, 333 F.3d 463, 471 (3d Cir. 2003) (quoting Abdille v. Ashcroft, 242 F.3d 477, 484 (3d Cir. 2001).

An asylum applicant bears the burden of proving either past persecution or a well-founded fear of future persecution. 8 C.F.R. § 208.13(b). In order to establish a well-founded fear of future persecution, the applicant must prove "both a genuine subjective fear and an objectively reasonable fear of persecution" on the grounds of race, religion, nationality, membership in a particular social group, or political opinion. Gao v. Ashcroft, 299 F.3d 266, 272 (3d Cir. 2002). The applicant for asylum has a two-prong burden - he must demonstrate both (1) subjective and (2) objective fear of persecution. Id. The

4

applicant must first demonstrate his subjective fear by "showing that [he] has a genuine fear" of persecution, and then he must demonstrate his objective fear with evidence "that a reasonable person in [his] circumstances would fear persecution if returned to [his] native country." Id. (citing Elnager v. INS, 930 F.2d 784, 786 (9th Cir. 1991)).

The adverse credibility determination must be sustained "if there is substantial evidence on the record to support it." Senathirajah v. INS, 157 F.3d 210, 216 (3d Cir. 1998). In general, "minor inconsistencies do not provide an adequate basis for an adverse credibility finding." Fiadjoe v. Ashcroft, 411 F.3d 135, 153 (3d Cir. 2004). Furthermore, "the discrepancies must involve the 'heart of the asylum claim.'" Goa, 299 F.3d at 272.

III.    Discussion

We will deny the petition for review because substantial evidence supports the determination that (1) Li was not credible and (2) Li failed to establish past persecution or a well founded fear of future persecution.

We agree with the findings of the IJ, as adopted by the BIA, that Li was not credible. His testimony contained several inconsistencies which, taken together, call his credibility into question. First, Li had no evidence to corroborate his membership in a union. Li testified that he was persecuted because of his status as union leader. However, Li did not show a union membership card, a letter from the union, evidence of payment of union dues or any other evidence which would have indicated that he was a member of a

5

union.  Furthermore, there were inconsistencies in Li's testimony as to whether he was arrested alone or with another union member.

Second, Li testified that he visited a hospital on December 28 and January 3 for treatment relating to the broken finger he suffered during his interrogation by government officials. However, the hospital report submitted by Li indicated that his second visit was actually on January 5.  Third, Li testified that he was terminated from his employment for participating in only one demonstration even though his termination letter indicated he was fired for participating in several demonstrations.

We also agree with the findings of the IJ, as adopted by the BIA, that Li failed to establish his eligibility for asylum by showing a well-founded fear of persecution for his political opinion.  Li's only evidence of past persecution is his testimony of one instance in which, due to his alleged union involvement, he was detained for two days, interrogated and had his little finger broken.  However, Li did not present any evidence to corroborate his union membership.

Li also provided no evidence that he would be subject to future persecution if he was to return to China.  There is no credible evidence that he will be arrested or tortured. Because of the number of deficiencies in the evidence that Li presented, we conclude that he failed to establish his burden of past persecution or of a well-founded fear of future persecution and thus that there is substantial evidence supporting the conclusions of the IJ

and the BIA.[2]

For the above stated reasons, we will deny Li's petition for review.

---

[2]The standard for withholding deportation is stricter than that for asylum, thus "a petitioner unable to satisfy the asylum standard fails, *a fortiori*, to satisfy the former." Mediouni v. INS, 314 F.3d 24,26 (1st Cir. 2002). Because this Court finds that Li did not satisfy the standard for asylum, we need not address the issue of withholding deportation.